STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-48
DHM - KEN - 4/5/2002

VICKI D. SOUTHER,

Petitioner

v.

KEVIN W. CONCANNON,
COMMISSIONER,
DEPARTMENT OF
HUMAN SERVICES,

Respondent

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

MAY 10 2002

This matter is before the court upon petitioner's petition for review in accordance with M.R. Civ. P. 80C and 5 M.R.S.A. § 1101 *et seq*. The petitioner is seeking review of a June 4, 2001 final decision by the Commissioner of the Department of Human Services adopting the findings of fact and recommendations of his hearing officer that "the Department was correct when it decided to annotate the Registry of Certified Nursing Assistants to show that the State Survey Agency substantiated an allegation that Vicki Souther abused a resident of Parkview Nursing and Rehabilitation on August 19, 2000." The petitioner is a CNA who had been employed at Parkview Nursing and Rehabilitation Services for 12 months prior to her termination on August 29, 2000. As such, she was subject to the Maine Registry of Certified Nursing Assistants under rules governing the functioning of the Maine Registry of Certified Nursing Assistants. Under those rules, among other things, the Registry must include a notation of any specific documented findings by the Department of Human Services of abuse, neglect or misappropriation of property of a resident, client or patient by a CNA (section A.2.B). Record, Tab D, p. 4.

On August 21, 2000, the Division of Licensing and Certification, Bureau of Medical Services, which maintains the Registry, received a complaint alleging that the petitioner had abused a resident on August 19, 2000. The allegation was that the petitioner had punched a resident on the left arm leaving a bruise. After an investigation by the Health Services Consultant for the Division, the Division notified the petitioner that her listing on the Registry would be annotated to reflect the abuse. The petitioner requested an administrative hearing and the Commissioner issued an Order of Reference, referring the matter to the Office of Administrative Hearings. The hearing officer conducted hearings on three different dates on the specific issue:

> Should the Maine Registry of Certified Nursing Assistants be annotated to show that the State Survey Agency substantiated an allegation that Vicki Souther abused a resident of Parkview Nursing and Rehabilitation Services on August 19, 2000?

The hearing officer issued a decision recommending that the action proposed by the Division, the State Survey Agency, be affirmed. He further specifically recommended to the Commissioner that the Maine Registry of Certified Nursing Assistants be annotated to show that the State Survey Agency substantiated an allegation that the petitioner abused a resident of Parkview on August 19, 2000. The Hearing Officer issued a 10-page Fair Hearing Recommendation reciting in detail the case background and issue, the parties appearing, the items introduced into evidence, his findings of fact, his recommended decision, and his reasons for the recommendation.

The Office of Administrative Hearings received the petitioner's letter of exception of 10 pages, wherein petitioner's attorney responded to the recommended decision on behalf of the petitioner. The Commission issued a final decision, adopting the findings of fact and accepting the recommendation of the hearing officer that the

Department was correct when it decided to annotate the Registry. The petitioner timely filed this petition for review. In her petition, she denies all allegations of abuse.

Generally, petitioner argues that the Department failed to meet its burden or proof in demonstrating that the petitioner committed abuse. She argues that the Commissioner could not have sustained the findings of fact by the hearing officer because it did not have the benefit of the transcripts of the testimony taken by the hearing officer. Further, the Commissioner could not have reached the specific finding that the petitioner punched a patient "in the left upper arm causing a significant bruise," because it is contrary to the Hearing Officer's finding of a blow to the "forearm." Since she asserts that there is disputed evidence as to the size, shape, and location of the bruise, the Hearing Officer's findings in that regard are not supported by the evidence.

Petitioner also claims that the Commissioner committed an error of law by failing to properly comply with the Department's own regulations concerning CNA's. Regulation B.1 of the DHS rules defines abuse as:

> The willful, reckless or negligent infliction of injury, unreasonable confinement, intimidation or cruel punishment with resulting physical harm or pain or mental anguish; sexual abuse or exploitation; or the willful deprivation of essential needs. A Certified Nursing Assistant may commit abuse by willfully, recklessly or negligently inflicting injury by responding to the actions of a resident, if the Certified Nursing Assistant's response was excessive or unwarranted under the circumstances.

Petitioner argues that the evidence shows that her reaction was provoked and the Hearing Officer failed to balance her reaction against the combativeness of the patient. Such failure of findings does not comply with the regulations' "under the circumstances" requirement. Petitioner asserts that this is an error of law for which she seeks a total a reversal of the agency decision rather than a remand for further hearings.

3

The respondent answers that he is not required to hear or read all the testimony presented. He cites, as does petitioner, *Green v. Comm'r Dep't of Mental Health*, 2001 ME 86, ¶ 15, 776 A.2d 612. *See also N.E. Tel. & Tel. Co. v. Maine PUC*, 448 A.2d 272, 279 (Me. 1982). The cite by petitioner regarding the Commissioner familiarizing himself with sufficient evidence relates to the authority of agency commissioners to delegate evidentiary and preliminary matters to subordinate officers. The standard, read in proper context, is "as long as the officer both familiarizes himself with the evidence sufficient to assure himself that all statutory criteria have been satisfied and retains ultimate authority to render the decision, he can properly utilize subordinate officers to gather evidence and make preliminary reports." *Davric Maine Corp. v. Maine Harness Racing Comm'n*, 1999 ME 99, ¶ 16, 732 A.2d 289, 295.[1]

In response to the petitioner's argument, the court does note that in his findings of fact, the Hearing Officer concludes that: "During this incident Ms. Souther handled Helen roughly while putting her into a chair and then Ms. Souther punched Helen with considerable force in the left upper arm causing a significant bruise." In his reasons for recommendation, the Hearing Officer discusses the evidence and does make reference to testimony as to client's forearm. Nevertheless, such dicta does not control the specific findings of fact nor does the inconsistency of the discussion remove the evidence that was before the Hearing Officer. Notwithstanding the forearm/upper arm misstatement, the Hearing Officer's findings were supported by substantial

---

[1] The petitioner also complains that the court should not consider the three transcripts of proceedings as part of the record inasmuch as they were not relied upon by the Commissioner. That request was denied. The transcripts, by necessity, must be a part of the record as the proceedings are, by law, a matter of record. The court can clearly consider, in analyzing the Commissioner's decision, that the transcripts were not completed and available at the time the Commissioner made his final decision.

4

evidence in the record. The bruise was documented, witness testimony was presented, including an eye witness to the abuse, and further investigations recorded the existence of bruises. In addition, the Hearing Officer's determination of witness credibility is entitled to substantial deference by this court as well as the Commissioner.

Petitioner's assertion that the Hearing Officer, and therefore the Commissioner, failed to take into consideration whether the petitioner's actions were "excessive or unwarranted under the circumstances" as recited in the regulations, is not consistent with the facts. First of all, it has been the petitioner's position throughout the proceedings that the incident did not happen, that she did not slam down a plate, force the client down into the chair and strike her on the arm. Therefore, the defense of provocation was not presented to the Hearing Officer. Further, the Hearing Officer was provided substantial evidence as to all of the circumstances that existed at the time of the alleged conduct and was free to determine whether or not those circumstances could have created some justification on the part of the petitioner. In fact, the Hearing Officer found that the client was in a state of heightened agitation and combativeness. Notwithstanding those "circumstances," the conclusion was that the actions by the petitioner constituted abuse.

A review of the record indicates ample competent evidence to support the recommendation by the Hearing Officer and the conclusion by the Commissioner to accept such recommendation. From the testimony of the eyewitness, an inference could clearly be drawn that the surrounding circumstances were fully presented to the Hearing Officer and considered by him. In the light of day, it is troubling to consider the fact that the patient was diabetic and bruised easily and was frequently combative due to advanced dementia, but while it has not been argued to this court that there are

5

no circumstances under which a CNA could be justified in striking a patient, it clearly was not present in the instant case.

"An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Examiners of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (citing *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 1703 A.2d 1258, 1261). "Inconsistent evidence will not render an agency decision unsupported." *Id.* (citations omitted) "The burden of proof rests with the party seeking to overturn the agency's decision." *Id.* (citations omitted) "That party must prove that no competent evidence supports the Board's decision." *Id.* (citations omitted). Credibility determinations are "exclusively the province of the Commission and will not be disturbed on appeal." *Sprague Electric Co. v. Maine Unemployment Ins. Comm'n*, 544 A.2d 728, 732 (Me. 1988).

For all reasons cited above, the entry will be:

The final decision of the Commissioner of the Department of Human Services of June 4, 2001, in the matter of Vicki Souther is AFFIRMED.

Dated: April 5 , 2002

Donald H. Marden
Justice, Superior Court

6

F

Action _____ 80C Appeal _____

# J. MARDEN

VICKI SOUTHER

KEVIN W. CONCANNON, Commissioner
DEPARTMENT OF HUMAN SERVICES

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Jonathan S.R. Beal, Esq.<br>482 Congress Street<br>PO Box 7590<br>Portland ME 04112 | Renee Guignard, AAG<br>44 Oak St., 4th Floor<br>Portland, Maine 04101-3014 |

| Date of Entry | |
|---|---|
| 7/5/01 | Petition for Review and Certicate of Service, filed. s/J. Beal, Esq. Case file notice issued to J. Beal, Esq. (filed 7/3/01) |
| 7/23/01 | Entry of Appearance, filed. s/Guignard, AAG (filed 7/20/01) |
| 7/24/01 | Letter informing the court that plaintiff has failed to served copies, filed. s/Maurer, AAG (filed 7/23/01) |
| 7/25/01 | Copy of Letter, filed. |
| 7/27/01 | Motion for Enlargement of Time in Which to File Certified Record, filed. (filed 7/20/01). |
| 7/30/01 | ORDER dated 7/2/01, filed. s/Studstrup, J.<br>Motion Granted. Enlargement of Time to file Certified Record is August 15, 2001. Copies issued to Counsel of Record. |
| 8/16/01 | Motion for Enlargement of Time in Which to File Remainder of Certified Record, filed. s/Guignard, AAG.<br>**Partial Certified Record, filed.** |
| 8/16/01 | MOTION FOR ENLARGEMENT OF TIME, MARDEN, J.<br>Motion granted.<br>Copies mailed to attys of record. |
| 8/29/01 | Remaining portion of Certified Record, filed. s/Guignard, AAG |
| 8/30/01 | Notice of briefing schedule mailed to attys of record. |
| 9/11/01 | Motion to Correct Record with incorporated Memorandum of Law, filed. s/Beal, Esq.<br>Consented-to Motion for Extension of Time for Filing Brief, filed. s/Beal, Esq.<br>Certificate of Service, filed. |
| 9/13/01 | Notice of Discovery Service of Plaintiff's First Request for Admissions served on Renee Guignard, AAG on 9/7/01, filed. s/J. Beal, Esq. |
| 9/18/01 | MOTION TO CORRECT RECORD WITH INCORPORATED MEMORANDUM OF LAW, Marden, J. Without hearing motion <u>DENIED</u>; Respondent to file complete record by Oct. 5, 2001; transcript of Sec. H, 1/11/01 & 2/8/01 and hearing of 3/14/01 to |